**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**WILLIAM LEBRON CHURCH,**

     Petitioner,

v.                                                       Civil Action No. **3:89CV726**

                                                        Civil Action No. **3:26cv704**

**LARRY HUFFMAN,** *et al.*,

     Respondents.

**MEMORANDUM OPINION**

William Lebron Church, a Virginia inmate proceeding *pro se*, previously submitted a 28 U.S.C. § 2254 petition challenging his convictions for the sodomy and rape of his niece in the Circuit Court of Amelia County, Virginia, and resulting consecutive sentences of twenty-five years and life imprisonment. *See Church v. Okla. Corr. Indus.*, No. CIV-10-1111-R, 2011 WL 4376222, at *1 (W.D. Okla. Aug. 15, 2011) (describing Church's record and term of imprisonment). By Memorandum and Order entered on May 9, 1991, the Court denied Church's § 2254 Petition.[1] On June 4, 2026, the Court received from Church a Rule 60(b) Motion. ECF No. 1.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

---

[1] The Court has attached a copy of the 1991 Memorandum and Order to this Memorandum Opinion, so that the earlier ruling may remain an easily accessible part of the electronic record.

The United States Court of Appeals for the Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2255 motion or habeas petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (citation omitted).

In his Rule 60(b) Motion, Church continues to argue that he is "actually and factually innocent," ECF No. 1, at 1, that other people committed the crimes, and a host of other arguments about how he "was not the person or individual that was charged, indicted, tried, convicted and sentenced[.]" *Id.* at 3 (capitalization corrected). Thus, his Rule 60(b) Motion must be construed as an unauthorized, successive 28 U.S.C. § 2254 petition. *Id.*; *see Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005) (construing a motion as a successive habeas corpus application if it seeks vindication of a claim for relief from the criminal judgment, regardless of the title on the motion). Accordingly, the Court must treat the Rule 60(b) Motion as a successive § 2254 petition.

The Clerk will be DIRECTED to assign a civil action number to the Rule 60(b) Motion (ECF No. 1). The Court has not received authorization from the Fourth Circuit for Church to file

2

a successive § 2254 petition.  Therefore, the action will be DISMISSED for want of jurisdiction.

A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

_____ /s/ _____

Roderick C. Young
Date:    July 21, 2026                                United States District Judge
Richmond, Virginia

3